*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYRA HORTON,

Plaintiff-Appellant,

v

DETROIT SCHOOL DISTRICT BOARD OF EDUCATION,

Defendant-Appellee,

and

DEBORA DODSON,

Defendant.

UNPUBLISHED
January 21, 2020

No. 344532
Wayne Circuit Court
LC No. 17-000761-CZ

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition[1] in favor of defendant Board of Education ("defendant"). We affirm.

Plaintiff alleges that she was wrongfully terminated from her employment with defendant on February 11, 2011. (Complaint, paragraph 9.) Or, more precisely, that she resigned under duress and threat of discharge. (*Id.*) She further alleges that this termination was in violation of

---

[1] Defendant actually moved for, and the trial court actually granted, summary judgment. We note that summary judgment has not existed in Michigan for over 34 years, not since the adoption of the Michigan Court Rules effective March 1, 1985. The proper term is summary disposition.

-1-

a collective bargaining agreement ("CBA") entered into by defendant and the union representing plaintiff in 1999. (Complaint, paragraphs 6, 9.) Plaintiff states that her constructive discharge arose out of various medical issues that she had suffered and defendant's claim that plaintiff's documentation of those issues was insufficient. (Complaint, paragraph 22.) Plaintiff also claims that defendant Dodson made false statements to the human resources department that plaintiff intended to retire. (Complaint, paragraph 20.)

Plaintiff filed a complaint consisting of a single count for breach of contract. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). Following a hearing, the trial court granted the motion. The trial court did not specify which ground it was granting summary disposition under, but it did state the reason was plaintiff's failure to follow the grievance/arbitration process specified under the CBA. We presume, therefore, that summary disposition was granted under MCR 2.116(C)(7). We review the trial court's decision de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

Plaintiff's sole argument on appeal is unpersuasive. She argues that she was not limited to the exclusive remedy procedures under the CBA requiring her to go through the grievance process because the Board's actions amounted to a repudiation of the CBA. See *Vaca v Sipes*, 386 US 171, 185; 87 S Ct 903; 17 L Ed 2d 842 (1967). Plaintiff, however, provides no analysis of the principle in this case nor specifically how it applies to this case. Indeed, plaintiff presents no argument regarding how defendant prevented plaintiff from pursuing a grievance. It is not sufficient for a party to merely present a brief discussion or explain how the argument applies to the facts of their case. See *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984).

Another aspect of the *Vaca* decision is where the union refuses to process a grievance on behalf of the employee. 386 US at 185. But plaintiff only mentions this in passing and provides even less analysis of this aspect of the decision. *Goolsby*, 419 Mich at 655 n 1.

But plaintiff's argument poses two even more fundamental flaws. First, the Michigan Supreme Court has held that *Vaca* only applies where the plaintiff pleads and argues a theory of the breach of fair representation. *Bebensee v Ross Pierce Electric Corp*, 400 Mich 233, 250; 253 NW2d 633 (1977), citing *Farmer v United Brotherhood of Carpenters and Joiners of America, Local 15*, 430 US 290; 97 S Ct 1056; 51 L Ed 2d 338 (1977). Plaintiff did not plead this case as such.

Indeed, this leads to the second flaw in plaintiff's argument. Plaintiff first makes this argument on appeal. It was not the basis of plaintiff's response to defendant's motion for summary disposition in the trial court, either in plaintiff's written response or in plaintiff's oral argument at the hearing. Accordingly, it is not properly preserved for appeal. *Green v Ziegelman*, 282 Mich App 292, 300; 767 NW2d 660 (2009).

Finally, defendant presents an alternate basis to affirm the trial court. Specifically, that plaintiff failed to comply with the requirement of MCR 2.113(F)(1) (now MCR 2.113(C)(1), which requires that in actions based upon a contract, a copy of the contract must be attached to the complaint. The copy of the contract supplied by plaintiff expired several years before

plaintiff was discharged. Plaintiff argued in the trial court that various addenda had extended the contract and that, in any event, a copy of the contract was in defendant's possession (an exception, had plaintiff so plead). In any event, while there may well be merit to defendant's argument, the trial court explicitly did not base its ruling on this argument.

Affirmed. Defendant may tax costs.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen